WILLIAM B. WITHERS v. ELLIS T. HART, ADMINISTRATOR.

[51 South. 714.]

PROMISSORY NOTES. *Alteration of instruments. Burden of proof.*

> In a suit upon a promissory note, which appears upon its face to have been materially altered, the burden is on the plaintiff to show that the alteration was innocently made, and proof of defendant's signature alone does not make out his case.

FROM the circuit court of Wilkinson county.

HON. MOYSE H. WILKINSON, Judge.

Hart, administrator, appellee, was plaintiff in the court below; Withers, appellant, was defendant there. From a judgment in plaintiff's favor against defendant, predicated of a peremptory instruction, the defendant appealed to the supreme court. The facts are stated in the opinion of the court. No testimony was offered to explain the alteration apparent on the face of the note; the defendant proposed to testify touching it, but was not permitted to do so on the ground that he could not testify to establish his defense against the estate of a decedent. The note sued upon as altered was payable to plaintiff's intestate.

*Jones & Shannon,* for appellant.

The note, upon an inspection, shows that it was altered, therefore the burden of proof was on the plaintiff to prove that these alterations were made before delivery. In other words plaintiff must show that this note was altered by marking out "Bank of Woodville" and stamping into the face of the note, in the place of those words, "J. A. Davidson," before delivery.

Plaintiff has not, in any manner whatever, attempted to meet these requirements.

There is not a syllable in the evidence even remotely tending to show and prove any alteration of the note before delivery.

These alterations are so plain as to be observable by the most casual glance at the note, as to the change in the payee. *Croft v. White,* 36 Miss. 455, 458; *Everman v. Robb,* 52 Miss. 653, 664, 2 Am. & Eng. Ency. of Law (2d ed.) 273, 274, and note 1.

*Bramlette & Tucker,* for appellee.

The rule is that alterations apparent on the face of the instrument do not require proof by the holder as to whether such alterations were made before delivery, but evidence of alteration *aliunde* is necessary.

The rule as laid down in 6 Ency. of Pleading and Practice, 660, 661, par. f, is that "where the defendant admits the genuineness of his signature, and alleges that the instrument has been altered, or denies the execution of the instrument, and plaintiff proves the genuineness of the signature, the plaintiff may read the instrument in evidence without any additional evidence, and it is incumbent upon the defendant to prove that it has been altered." Our case is squarely within this rule.

This case is unlike any of the cases cited as authority by opposing counsel, for here Davidson is dead, and there would be no protection for a dead man's estate, if the maker of the note could, in a blank note, change the payee and then demand of the holder to produce evidence, in addition to that of the gen-

uineness of the signature. In cases of this kind that would be impossible, and an impossibility is not required.

Argued orally by *E. G. Shannon,* for appellant.

SMITH, J., delivered the opinion of the court.

The court below erred in granting the peremptory instruction requested by appellee. It is apparent from the face of the note sued on that same had been materially altered. Without referring to all of the alterations claimed to have been made therein, it will be sufficient to say that this note was executed by filling in a printed form used by the Bank of Woodville, in which the name of the Bank of Woodville appeared as payee. This name, "Bank of Woodville," was erased, and the name of J. A. Davidson, appellee's intestate, was substituted therefor. Appellant by his plea alleged, and offered himself as a witness to prove, that the note had been executed by him to the Bank of Woodville, and by him paid, and that the change in the name of the payee was made thereafter without his knowledge or consent.

When a negotiable instrument appears on its face to have been materially altered, it devolves upon the plaintiff to show that such alteration was made under circumstances legal and proper. This appellee failed to do; the only evidence introduced by him, other than the note, being an agreement of counsel that the signature to the note was the signature of appellant. *Bank v. Lum,* 7 How. 414; *Ellison v. M. & O. R. R.* 36 Miss. 572; *Croft v. White,* 36 Miss. 455.

*Reversed and remanded.*