Geo. T. Douglas et ux. *v.* Parsons-May-Oberschmidt Company.

[57 South. 624.]

Appeal and Error. *Jurisdiction. Supersedeas bond. Dismissal. Liability on bond.*

The supreme court has no jurisdiction to discharge a *supersedeas* bond on motion where such bond has served the purpose for which it was given, on the grounds that the sureties were misled into signing it and that one of them notified the clerk before the bond was filed not to approve it, nor could the supreme court discharge such bond on an original proceeding in said court.

Appeal from the chancery court of Lincoln county.
Hon. G. G. Lyell, Chancellor.

Suit by Geo. T. Douglas and wife against the Parsons-May-Oberschmidt Company. Motion to dismiss and discharge the *supersedeas* bond in the supreme court.

George T. Douglas and wife, being indebted to the Parsons-May-Oberschmidt Company, executed a deed of trust to secure said indebtedness. Default having been made in the payment of said indebtedness, the trustee advertised the property for sale, whereupon Douglas and wife filed a bill in chancery enjoining the sale and praying an accounting. On the hearing (October 22, 1910) the appellee obtained a decree for an amount admitted to be due; said decree providing that a lien should attach to all the property described in the trust deed to secure the payment of the amount of the decree, and appointing a commissioner to sell said property and apply the proceeds to the payment of the amount decreed in case same was not paid, and report the sale back to the court. Douglas and wife failed to pay the amount adjudged against them in the decree, and the property was advertised by the commissioner for sale. Thereafter Douglas and wife filed a petition with the clerk, praying an appeal, and on January 4, 1911, executed bond, with sureties approved by the clerk; said bond operating as a *supersedeas*. No further steps were taken by the Douglases to perfect their appeal, and on May 30, 1911, the Parsons-May-Oberschmidt Company filed a motion in the supreme court to dismiss the bill for want of prosecution. No action was taken at that time on the motion to dismiss.

The record was filed on November 4, 1911, and thereafter the sureties on the *supersedeas* bond appeared and moved the court to dismiss the appeal and discharge the *supersedeas*, alleging that they had served notice on the clerk before the approval of the bond that they desired to withdraw therefrom, and before the record

was transcribed had given notice of their desire to be released, and because they were convinced that the bill was without merit, but merely for delay, and because they were advised by said Douglas that no appeal would be taken, but that the appeal bond was filed merely to obtain time in which to raise the money, and that they had been misled into signing the same, and, further, that the bond was not in proper form. The case was submitted on both motions.

*Jones & Tyler,* for sureties appellant.

*T. Brady, Jr.,* for appellee.

No brief of counsel on either side in the record.

SMITH, J., delivered the opinion of the court.

This cause is dismissed for want of prosecution, the motion to discharge the *supersedeas* and relieve the sureties on the bond is overruled, and judgment will be entered here against the sureties on the bond for the decree rendered, with the interest and damages thereon as provided by law. The decree appealed from was a final one, and the bond, whether technically accurate or not, served the purpose for which it was intended. It may be, as stated by the bondsmen, that they were misled by appellant into signing the bond, and that one of them notified the clerk, before the bond was filed, not to approve the same; but these matters cannot be adjudicated on this motion, or, for that matter, by this court on original proceeding here. *Dismissed.*