## PARSONS-MAY-OBERSCHMIDT CO. *v.* FURR ET AL.

[70 South. 895.]

1. JUDGMENT. *Conclusiveness. Matters concluded. Appeal and error. Supersedeas bond. Statute. Construction. Principal and surety. Liability on.*

Where in a suit to enjoin a sale under a deed of trust, the grantors appealed and gave a *supersedeas* bond and in the appellate court the sureties on the bond moved to discharge it, because they had been misled into signing it, and had, before the bond was approved, notified the clerk not to approve it, and the supreme court declined to entertain the motion on the ground that such matters could not there be adjudicated in the first instance; in such case such ruling did not preclude the sureties from subsequently filing a bill in the lower court to vacate the bond and annul the judgment thereon.

2. APPEAL AND ERROR. *Supersedeas bond. Statute. Construction.*

Under Code 1906, section 1022, providing that "when a bond, recognizance, obligation, or undertaking of any kind shall be executed in any legal proceeding, or for the performance of any public contract, or for the faithful discharge of any duty, it shall inure to the person to whom it is designed by law as a security, and be subject to judgment in his favor, no matter to whom it is made payable, nor what is its amount, nor how it is conditioned, and the persons executing such bond or other undertaking shall be bound thereon and thereby, and shall be liable to judgment or decree on such bond or undertaking as if it were payable and conditioned in all respects as prescribed by law, if such bond or other obligation or undertaking had the effect in such proceeding or matter which a bond or other undertakings payable and conditioned as prescribed by law, would have had, and where any such bond or undertaking is not for any specified sum, it shall bind the parties executing it for the full amount for which any bond or undertaking might have been required in the state of case in which it was given." where a *supersedeas* bond is for a lesser or greater amount than that prescribed by law, the court is not authorized to render judgment for any amount which might have been required, but shall only render judgment for such amount as is authorized by the term of the bond and rules of equity.

3. PRINCIPAL AND SURETY. *Appeal and error. Supersedas bond. Liability on.*

    Where all of the sureties but one had signed a *supersedeas* bond, the principal raised the amount, and then procured the signature of an additional surety, none of the sureties are liable for a greater sum than that originally fixed, notwithstanding Code 1906, section 1022, relating to judgments on bonds, for the one who signed after the penal sum had been raised, had the right to presume that the preceding sureties were for the raised sum and would contribute equally in payment of any amount awarded, while the original sureties, of course, were liable for the amount agreed upon.

APPEAL from the chancery court of Lincoln county. HON. G. G. LYELL, Chancellor.

Suit by W. H. Furr and others against the Parson-May-Oberschmidt Company. From a decree for complainants, defendants appealed.

The facts are fully stated in the opinion of the court.

*Whitfield & Whitfield,* for appellant.

*Jones & Tyler,* for appellees.

COOK, P. J., delivered the opinion of the court.

This suit was begun in the chancery court of Lincoln county, and is the sequel of a judgment of this court in the case of *Geo. T. Douglas et ux.* v. *Parsons-May-Oberschmidt Co.,* 101 Miss. 620, 57 So. 624. In the former case the appellees in this appeal made a motion to discharge the *supersedeas* bond, which motion was overruled, the court stating:

"It may be, as stated by the bondsmen, that they were misled by appellant into signing the bond, and that one of them notified the clerk, before the bond was filed, not to approve the same; but these matters cannot be adjudicated on this motion, or, for that matter, by this court on original proceeding here."

The appellees here were the sureties on the *supersedeas* bond in the case from which we have quoted the

above statement of this court. This suit was begun in the chancery court by the sureties on the *supersedeas* bond in the former case, after this court had rendered a judgment against them for the reason stated by the court. We think this court declined to entertain the motion to discharge the *supersedeas* bond because the matters of fact alleged in the motion were *aliunde* the record, and that this court could not inquire into the merits of the motion. So it was, after the decision of this court, the sureties filed an original bill in the chancery court, alleging the same causes, practically, for having the judgment annulled that were alleged in the motion made in this court on the original appeal. In other words, the sureties on the *supersedeas* bond have gone to a court which has the machinery to inquire into the merits of their contention. The chancery court sustained the contention of the sureties and canceled the bond; hence this appeal.

The facts developed on the trial are about as follows: On or about January 4, 1911, appellant in the original case prepared an appeal *supersedeas* bond, in which the penalty and amount was fixed at two thousand nine hundred and two dollars and sixty-one cents, and appellees, C. L. Burgess, W. H. Furr, and T. M. Smith, signed this bond. After this bond was signed, Douglas, the principal, changed the penalty from two thousand nine hundred and two dollars and sixty-one cents to eight thousand six hundred dollars, without the knowledge of the sureties who had signed the bond. After the penalty was changed, C. T. Montgomery signed the bond as a surety, not knowing that the penalty had been changed. There is some evidence going to show that some of the sureties told the clerk to strike their names from the bond, but this was not done. A proper interpretation of section 1022, Code of 1906, will dispose of this case. This section we quote, viz.:

"When a bond, recognizance, obligation, or undertaking of any kind shall be executed in any legal pro-

ceeding, or for the performance of any public contract, or for the faithful discharge of any duty, it shall inure to the person to whom it is designed by law as a security, and be subject to judgment in his favor, no matter to whom it is made payable, nor what is its amount, nor how it is conditioned; and the persons executing such bond or other undertaking shall be bound thereon and thereby, and shall be liable to judgment or decree on such bond or undertaking as if it were payable and conditioned in all respects as prescribed by law, if such bond or other obligation or undertaking had the effect in such proceeding or matter which a bond or other undertaking, payable and conditioned as prescribed by law, would have had; and where any such bond or undertaking is not for any specified sum, it shall bind the parties executing it for the full amount for which any bond or undertaking might have been required in the state of case in which it was given."

Paraphrasing the first part of this section it amounts to this:  When a bond is executed in any legal proceeding, if such bond had the effect in such proceeding that a bond payable and conditioned as prescribed by law would have had, the person executing such bond will be liable to a decree or judgment thereon, "no matter to whom it was made payable, nor what is its amount, nor how it is conditioned."  The balance of the section refers alone to bonds in which the amount of the penalty is entirely omitted, and declares that in such case:

"It shall bind the parties executing it for the full amount for which any bond or undertaking might have been required in the state of case in which it was given."

It will be noted that the statute provides for the judgment on bonds that are for *no* "specified sum," but does not provide for the amount of the judgment to be taken upon bonds where the amount is less or more than the amount prescribed by law.  It merely says that a judgment may be taken on such bond, "no matter to whom

it may be payable, nor what is its amount, nor how it is conditioned.'' It would seem, in the interpretation of this statute, that we should apply the maxim *"Expressio unius est exclusio alterius."* The statute in one state of the case expressly prescribes the amount of the judgment to be entered, and in the other case does not prescribe the amount for which judgment or decree may be given. It thus seems that it was left to the court to render such judgment or decree as is authorized by the terms of the bond and rules of equity.

In this case, the sureties agreed to bind themselves to pay a fixed amount, viz., two thousand nine hundred and two dollars and sixty-one cents, in case their principal should lose his case. This is clear, so far as the first signers are concerned; and we think those who signed after the amount of the penalty was raised should not be bound for more than the original penalty of the bond. Those who signed after the amount of the penalty was raised from two thousand nine hundred and two dollars and sixty-one cents to eight thousand six hundred dollars had a right to presume, in the absence of anything to put them on guard, that the signatures preceding their own were, in fact, made with the knowledge that they each were bound for the raised sum appearing in the bond. Differently stated, the subscribers last signing the bond believed that the signers preceding him would contribute equally the payment of whatever decree the appellate court might thereafter render against their principal, to the amonut of the penalty of the bond signed by him.

Now, we believe that the last signer should be held to the same liability that his co-obligors are required to pay. We also believe that, under our statute, the judgment or decree should not be for the full amount for which a bond of this character might have been required in the state of case in which it was given; but the liability of the sureties should be limited to the amount which they expressly obligated themselves to

pay, to wit, two thousand, nine hundred 'and two dollars and sixty-one cents, and legal interest. The very interesting and exhaustive discussion of our own cases and the decisions of sister states upon our own and similar statutes are helpful; but inasmuch as we believe that this case must be decided by an interpretation of our statute, we have not seen fit to cite any decision of any court, none being called to our attention which decides the precise point here involved.

Our interpretation of the statute being, as before stated, that, inasmuch as the *supersedeas* bond was for a specified amount, the lower court should enter a decree against the appellees for the amount specified in the bond. There was much evidence taken which was irrelevant, but it is clear that all of the sureties signed the bond for the purpose of superseding the decree, and that the bond accomplished this result.

Reversed and remanded for decree in accordance with this opinion.

*Reversed and remanded.*