JACKSON LIGHT & TRACTION CO. v. LEE.

(Circuit Court of Appeals, Fifth Circuit.   March 4, 1919.)

No. 3288.

STREET RAILROADS ☞114(9)—NEGLIGENCE—EVIDENCE.

A verdict finding a street railroad company liable on the ground of negligence for the death of plaintiff's intestate, who was killed by a car when driving an automobile on the track, *held* sustained by conflicting evidence.

In Error to the District Court of the United States for the Southern District of Mississippi; Henry C. Niles, Judge.

Action by C. A. Lee, administrator of the estate of Percy L. Johnson, deceased, against the Jackson Light & Traction Company. Judgment for plaintiff, and defendant brings error.   Affirmed.

Ben H. Wells, of Jackson, Miss., for plaintiff in error.
J. A. Teat, of Jackson, Miss., for defendant in error.

Before WALKER and BATTS, Circuit Judges, and FOSTER, District Judge.

FOSTER, District Judge.   This is an action for damages for the death of defendant in error's intestate.   The case went to the jury, and resulted in a verdict for defendant in error in the sum of $10,000.   Error is assigned to the refusal of the District Court to direct a verdict in favor of plaintiff in error, and to the overruling of a motion for a new trial.   No other errors are assigned.

The deceased was killed in a collision between a Ford automobile which he was driving and a street car belonging to the plaintiff in error.   The record contains the testimony of at least five witnesses tending to show that, on the day the accident occurred, a fair was being held in Jackson, Miss., and the streets were crowded with automobiles and people; that the deceased was driving his automobile on Capitol street, and other automobiles were parked on the side of the street, headed into the curb, and extending out into the roadway; that in order to pass them it was necessary for the deceased to drive on the street car track; that he did so at the moment when the street car was approaching him at a rapid rate, witnesses estimating the speed to be 10 to 15 miles an hour, but at the moment of impact the automobile was stopped, or almost stopped, practically standing still.   On the other hand, there is evidence tending to show that, at the time of the accident, deceased was drunk, and was driving his automobile in a reckless manner, and carelessly collided with the street car.

The doctrine of the last clear chance was invoked by the defendant in error, and the court charged the jury fully and fairly on every phase of the case.   The charge was as favorable to the one side as to the other, and was applicable to the evidence both for and against both sides.   The evidence is conflicting, but the witnesses were not impeached or discredited on either side, and the questions of negligence

and proximate causes were for the jury upon all the facts and circumstances of the case. We find no error in the court's declining to direct a verdict as requested.

With regard to the second assignment of error, it is elemental that in federal courts the granting or refusal of a new trial is a matter of discretion with the lower court. Error cannot be assigned thereto.

The judgment is affirmed.

BATTS, Circuit Judge (acquiescing). The verdict of the jury should, in my judgment, have been for defendant. I think the trial judge should have granted a new trial. But there was evidence upon which the verdict of the jury could have been based. It cannot be held that the trial judge abused his discretion.

I am not, therefore, warranted in a dissent from the judgment of affirmance.