## LEE v. JACKSON LIGHT & TRACTION CO. (MERCHANTS' BANK & TRUST CO., Garnishee).

### (Circuit Court of Appeals, Fifth Circuit. December 19, 1919.)

### No. 3437.

1. APPEAL AND ERROR ☞461—BOND FOR $500 ON WRIT OF ERROR TO REVIEW $10,000 JUDGMENT NOT SUPERSEDEAS.

   Where the District Court granted writ of error to review judgment of $10,000, and the order granting the writ required execution of a bond for $500, *held*, that a bond in such amount, filed pursuant thereto, though reciting that it was a supersedeas bond, and though approved by the trial judge, cannot be deemed to have superseded the judgment.

2. APPEAL AND ERROR ☞487—SUPERSEDEAS DOES NOT DISCHARGE GARNISHMENT, BUT SUSPENDS ACTION TILL DETERMINATION ON APPEAL.

   Though writ of error and bond operated as a supersedeas, it will not discharge the writ of garnishment sued out by the judgment creditor, but will only suspend proceedings thereon till a mandate of the appellate court is received.

3. GARNISHMENT ☞137—GARNISHEE'S OBJECTION TO SHERIFF'S RETURN WAIVED BY FILING ANSWER.

   Where a valid writ of garnishment was served, and the garnishee filed answer, it cannot thereafter urge the invalidity of the entire garnishment proceeding because the marshal wrote on the back of another writ his return, mistakenly stating that the paper served on the garnishee was a copy of the paper returned.

In Error to the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

Action by Dr. C. A. Lee, administrator, against the Jackson Light & Traction Company. After judgment for plaintiff, the Merchants' Bank & Trust Company and others were summoned as garnishees. Thereafter judgment was affirmed on defendants' writ of error, and, the trial court having denied plaintiff's motion to enter judgment against the Merchants' Bank & Trust Company and dismissed the writ of garnishment, plaintiff brings error. Reversed and remanded for further proceedings.

Teat, Teat & Potter, of Jackson, Miss., for plaintiff in error.

Wells, May & Sanders, of Jackson, Miss., for defendant in error.

Before WALKER, Circuit Judge, and GRUBB and ERVIN, District Judges.

ERVIN, District Judge. The facts in this case are that appellant, Lee, having recovered a judgment against the Jackson Light & Traction Company, in the Southern district of Mississippi, filed a suggestion of garnishment on said judgment against various parties, including the Merchants' Bank & Trust Company; all of the parties being named in said suggestion.

There appears to have been issued by the clerk, under this suggestion, a writ of garnishment, which names on its face R. E. Kennington and 36 others, and Jackson Daily News, and Auto Supply Company:

"We therefore command you to summon R. E. Kennington and 36 others, and Jackson Daily News, and Auto Supply Company," etc.

There appears also to have been issued at the same time, and served by the marshal on the Merchants' Bank & Trust Company, a writ which was a copy of the first writ, except that in its recital of the persons against whom the garnishment is issued, it states:

"And the said Dr. C. A. Lee, administrator, having made the proper suggestion for a writ of garnishment against the Merchants' Bank & Trust Company, we therefore command you to summon Merchants' Bank & Trust Company to appear," etc.

On the back of the writ, after naming R. E. Kennington and 36 others, the marshal makes the following return:

"Executed by handing a true copy of this writ to G. L. Arnold, for Auto Supply Company, to Walter Johnson, for Jackson Daily News, to R. F. Young, for First National Bank, to R. F. Young, for Citizens' Savings Bank, and J. M. Hartfield, for Merchants' Bank & Trust Company.
"Done at Jackson, Mississippi, this 6th day of July, 1918.
"J. G. Cashman, U. S. M., By Freeney, Deputy."

It will be noticed that the writ actually served on the Merchants' Bank & Trust Company omits the names of all the garnishees except the Merchants' Bank & Trust Company, and omits all statement as to 36 others, and names only the Merchants' Bank & Trust Company as garnishee, while the writ which was returned by the marshal does not name the Merchants' Bank & Trust Company, nor any of the 36 others. With this exception, it is a literal copy of the writ on which the marshal made his return.

On the same day, namely, July 6, 1918, on which this suggestion of garnishment was filed and these writs were issued, the defendant in judgment, the Jackson Light & Traction Company, filed a petition for a writ of error and supersedeas to remove the cause to the United States Circuit Court of Appeals. The judge of the court to whom this petition was addressed made an order which reads as follows:

"It is ordered that the writ of error be and it is hereby allowed, to have reviewed in the United States Circuit Court of Appeals for the Fifth Circuit the judgment hereto entered herein, and that the amount of bond on said writ of error be and it is hereby fixed at $500.00.
"This 21st day of May, 1918."

A bond in the sum of $500 was executed, which recites:

"Whereas, the said defendant, the Jackson Light & Traction Company, has brought an appeal with supersedeas to the next term of the United States Circuit Court of Appeals at New Orleans, which said appeal was by this court granted, upon the execution of the supersedeas bond in the penalty of $500.00," etc.

This bond was approved by the judge, who ordered the writ of error issued. It will be noticed, however, that the writ ordered by the judge to be issued was a writ of error only, and there was no mention made in his order of any supersedeas. It could hardly be assumed that any judge would supersede a $10,000 judgment on a $500 bond. The writ actually issued, as shown by the record, was also a writ of error, but no supersedeas.

The record was sent up to the Court of Appeals, and the judgment against the Jackson Light & Traction Company was duly affirmed by it. 256 Fed. 97, —— C. C. A. ——. The mandate was issued by the clerk of the Circuit Court of Appeals and sent down to the lower court.

The Merchants' Bank & Trust Company, on July 24, 1918, filed its answer in court to the writ which had been served on it, and its answer recites:

"Comes the Merchants' Bank & Trust Company and for its answer to the writ of garnishment served on it in this case shows and states to the court that, at the time of the service of the said process on it, it was indebted to the said Jackson Light & Traction Company in the sum of $1,340.32, represented by deposit of said company. * * * The said Merchants' Bank further shows to the court that immediately after the service of the garnishment upon it that it stopped the payment of any sums out of the account of the said Jackson Light & Traction Company until July 6, 1918, when the supersedeas bond was filed by the said Jackson Light & Traction Company, in accordance with an order of court allowing writ of error to the United States Circuit Court of Appeals.

"It is understood by the said Merchants' Bank & Trust Company that under the filing of the said supersedeas bond, and the allowing of the writ of error, that the said writ of garnishment becomes of no binding force against the said Merchants' Bank & Trust Company."

Nothing seems to have been done further in this case until the 6th day of May, 1919, when the attorney for plaintiff asked for a judgment on the answer of the garnishee, the Merchants' Bank & Trust Company. The bill of exceptions recites:

"He assured the court that they were all right, and that if they were not they could be set aside. With this understanding, the court signed the judgment, but within a few minutes, and before the judgments were entered on the minutes, upon being informed by Hon. Ben H. Wells, of the firm of Wells, May & Sanders, that there was objection to these judgments being entered, the court immediately directed the clerk not to enter the same."

It then appears that the Merchants' Bank & Trust Company filed a motion asking for permission to withdraw its answer to the garnishment, and that the court quash the pretended writ of garnishment, purported to have been issued in said cause by the clerk on July 6, 1918, etc.

The grounds of motion seem to have been based on some idea that as the writ on which the marshal wrote his return did not name the Merchants' Bank & Trust Company, and as the marshal recited that a correct copy of this writ had been served on the Merchants' Bank & Trust Company, that the whole garnishment proceeding was void, as the writ served by the marshal was not a literal copy of the writ on which he wrote his return, and on the further ground that the court below had granted a supersedeas bond of $500, and that the making of this bond had the effect to supersede and annul all of the garnishment proceedings which had been taken in the cause.

[1] In the first place, it will be noticed that all of the parties seem to have been under the impression that a supersedeas had in fact been issued, which was not the case, as all the judge ordered was that a writ of error be issued, which was done. The making of a supersedeas bond, and its approval by the judge, did not have the effect to super-

sede the proceedings in this case, and his approval of this bond must be read in the light of his order making it a cost bond, instead of a supersedeas bond.

[2] It becomes, therefore, manifest that none of the garnishment proceedings taken were at all superseded, much less invalidated by the making of such bond; nor do we concede that the making of a supersedeas bond, if one had been ordered would have set aside and invalidated the garnishment proceedings. All that the making of such a bond would have done would have been to suspend further proceedings on such garnishments, until the mandate of the Court of Appeals was received in the court below.

[3] It appears that a correct and valid writ was served by the marshal upon the Merchants' Bank & Trust Company, and that it filed its answer to said writ. We do not think that, having filed its answer to this writ, it can be heard to say that because the marshal wrote on the back of another writ his return, in which he mistakenly stated that the paper served on the bank was a copy of the paper he returned, that this would invalidate the proper writ, which had in fact been served on the bank.

The bank was served with a proper writ, and in obedience to this service it filed its answer, admitted indebtedness, and it then appeared in court and submitted itself to the further orders of the court. It therefore had no right thereafter to pay out any money of the Jackson Light & Traction Company until its answer had been ruled on by the court but it remained in court, subject to such orders as the court might thereafter make.

We think the court erred in quashing the service on the garnishee, and therefore also erred in denying the motion for a judgment against the garnishee. The cause will be remanded, for further proceedings in the lower court in accordance with this opinion.