### In re JACKSON LIGHT & TRACTION CO.

### LEE v. NEWTON et al.

(Circuit Court of Appeals, Fifth Circuit. December 15, 1920.)

No. 3508.

1. **Judgment ☞760—Lien of federal court judgment dependent on state law.**
Under Act Aug. 1, 1888, § 1 (Comp. St. § 1606), providing that judgments and decrees of federal courts shall be liens on property in the same manner and to the same extent as the judgments of the courts of the state where rendered, and Code 1906, Miss. § 822, providing that a judgment or decree of a federal court, of the state Supreme Court or chancery court, or of any state court of a different county, shall not be a lien on property of the defendant in any county until enrolled in the office of the clerk of the circuit court of such county, a judgment rendered by a federal court in Mississippi is not a lien on property in any county unless so enrolled in that county and then only from the date of enrollment.

2. **Bankruptcy ☞157—No judgment recoverable after adjudication.**
The lien of a judgment which became effective as a lien after the bankruptcy of the defendant held ineffective against his trustee who, under Bankruptcy Act, § 47a(2) (Comp. St. § 9631), became vested with the rights of a judgment lien creditor as of the date of the adjudication.

3. **Bankruptcy ☞155—Trustee not estopped to deny lien.**
That a marshal holding an execution was prevented from making a levy by the statement of the judgment defendant that it had given a supersedeas bond, when in fact it was a cost bond, which did not operate as a supersedeas, held not to estop the defendant's trustee in bankruptcy from denying that a lien was acquired as by making a levy.

Appeal from the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

---

In the matter of the Jackson Light & Traction Company, bankrupt. Dr. C. A. Lee, administrator, appeals from an order denying his claim to a lien, which was objected to by Oscar Newton and others. Affirmed.

For opinion below, see 265 Fed. 389.

J. A. Teat, of Jackson, Miss., for appellant.

William H. Watkins, of Jackson, Miss., for appellees.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. On May 10, 1918, a judgment was rendered in the United States District Court for the Southern District of Mississippi in favor of the plaintiff in error against the bankrupt, Jackson Light & Traction Company. It was enrolled promptly in the office of the clerk of said United States District Court, but not in the office of the clerk of the circuit court of Hinds county, Miss., the county wherein said United States District Court was held and in which said defendant resided. On July 9, 1918, the clerk of said United States District Court issued an execution, which was placed in the hands of the United States marshal, who handed a copy thereof to an officer of the defendant. Immediately on the issuance of said execution the defendant executed a bond, with surety in the sum of $500, which was entitled a supersedeas bond, and under the belief that it did, supersede the judgment the marshal did not levy the execution. Said cause was taken by writ of error to the United States Circuit Court of Appeals for the Fifth Circuit and affirmed (256 Fed. 97, 167 C. C. A. 339), the mandate issuing under date of March 27, 1919. On a subsequent writ of error this court held that said bond was only a cost bond and not a supersedeas bond. Lee v. Jackson Light & Traction Co., 261 Fed. 721.

On March 29, 1919, the defendant Jackson Light & Traction Company was adjudged a bankrupt by the United States District Court for the same Southern District of Mississippi. On April 4, 1919, an abstract of said judgment was enrolled on the judgment roll of said circuit court of Hinds county, Miss. The plaintiff therein filed a proof of debt in said bankruptcy proceedings in said United States District Court, asking to be allowed a priority as a judgment creditor, with a lien as such, on the bankrupt's assets owned by it on May 10, 1918. The claim of priority was denied, and the judgment allowed to be proved only as an unsecured debt, on the ground that said judgment of said United States court was not a lien until enrolled on the judgment roll of the circuit court of Hinds county, Miss., and had no lien prior to the date of such enrollment on April 4, 1919, after the adjudication in bankruptcy. On petition for review the ruling of the referee was affirmed by the District Court.

[1] The plaintiff insists that the judgment, when enrolled, has a lien from the date of its rendition, May 10, 1918, and that, if this is not held to be their meaning, then the statutes of Mississippi discriminate in favor of judgments rendered in the state courts against those rendered in the federal courts. The United States statute regulating

how judgments and decrees of the United States District Courts shall acquire liens on property of the defendants therein is contained in' sections 1 and 2 of the Act of August 1, 1888 (25 Stat. p. 357, c. 729; U. S. Comp. St. 1916, §§ 1606, 1607), which reads:

"Judgments and decrees rendered in a [Circuit or] District Court of the United States within any state, shall be liens on property throughout such state in the same manner and to the same extent and under the same conditions only as if such judgments and decrees had been rendered by a court of general jurisdiction of such state: Provided, that whenever the laws of any state require a judgment or decree of a state court to be registered, recorded, docketed, indexed, or any other thing to be done, in a particular manner, or in a certain office or county, or parish in the state of Louisiana before a lien shall attach, this act shall be applicable therein whenever and only whenever the laws of such state shall authorize the judgments and decrees of the United States courts to be registered, recorded, docketed, indexed, or otherwise conformed to the rules and requirements relating to the judgments and decrees of the courts of the state."

By the statutes of Mississippi each clerk of a circuit court is required to keep a book or books styled "judgment roll," divided under the several letters of the alphabet, and within 20 days after the adjournment of each term of the circuit court, he must enroll thereon in the order in which rendered, each judgment thereof, by entering on such roll, under the proper letter of the alphabet, the name of each defendant with certain information as to such judgment. Code Miss. 1906, § 818.

A judgment so enrolled shall be a lien on all of defendant's property in said county from its rendition, and shall have priority according to the order of such enrollment in favor of the judgment creditor against the judgment debtor, and all persons claiming the property under him after the rendition of the judgment. A judgment shall not be a lien on any property unless it is enrolled. In counties having two judicial districts, a judgment operates as a lien only in the district within which it is enrolled. Code Miss. 1906, § 819.

A judgment or decree of the United States District Court, or of the state Supreme Court or chancery court or any state court of a different county shall not be a lien on defendant's property until enrolled in the office of the clerk of the circuit court of the county. Code Miss. 1906, §§ 821, 822.

The purpose of the foregoing provisions is quite plain. They provide that judgments entered on the minutes of the circuit court must be enrolled on the judgment roll in the order of their rendition within 20 days after the adjournment of the term of court wherein rendered, and, when so enrolled, shall be a lien from the rendition thereof, and shall have priority according to the order of enrollment against the judgment debtor and those claiming under him. A judgment has no lien unless enrolled. In every case, except that of a judgment in the court on whose records the enrollment shall take place, even in the case of a circuit court of a different judicial district in the same county, a judgment has a lien only from the time when enrolled.

As to every other state, or United States, court judgment, where the same is not rendered in the court where the enrollment takes place,

it is the enrollment that gives the lien and fixes its date. That act is the first entry of record in the circuit court clerk's office of the existence of the judgment. Not so with the case of judgments rendered in such circuit court. There the minutes in the clerk's office would show their existence, and the "judgment roll" but indexes the existing record; but even there the priority is to be "in the order of such enrollment."

We cannot see, therefore, where there is any discrimination against the United States courts when they are put on the same footing with the state Supreme Court, and every other state court at law or in equity where the judgment is not rendered in the same court on whose judgment roll an abstract must be enrolled in order to give it a lien on the property of the judgment debtor. Here no such enrollment was made until April 4, 1919, a week after the adjudication in bankruptcy was had and the lien was clearly null and void, under Bankruptcy Act, § 67, subd. "F" (Comp. St. § 9651).

Again the case is not one of a contest between a state court judgment duly enrolled, and an older federal court judgment likewise duly enrolled, subsequently to the date of the first judgment, the state court judgment claiming a lien from date of its rendition and insisting that the United States court judgment, though rendered first, was to rank only from date of enrollment. Here the judgment claiming priority was not in the situation of a judgment duly enrolled within 20 days after the term was rendered, but was in that of a judgment enrolled long after the expiration of such time.

[2] Meanwhile the bankruptcy occurred and the trustee was appointed. He took not only the title of the bankrupt, but also the rights of a judgment creditor with a lien of the date of the adjudication, as against conflicting liens. Bailey v. Baker Ice Machine Co., 239 U. S. 268, 275, 36 Sup. Ct. 50, 60 L. Ed. 275. Considering the bankrupt's trustee as a judgment creditor with a lien against all the bankrupt's property as enrolled of date March 29, 1919, the plaintiff, Lee, would be only entitled to priority according to date of enrollment. Therefore the trustee's claim as having the lien and right of a judgment creditor was superior to the claim of the unenrolled judgment.

[3] The claim that the defendant Jackson Light & Traction Company, by having informed the marshal that a supersedeas bond had been given and thus prevented him from making a levy, is now estopped from asserting that a levy was not made on July 9, 1918, upon, and a lien so acquired on, its property, and that its trustee in bankruptcy takes only its rights and is bound by such an estoppel, is not tenable. We cannot see where any such estoppel arises against the defendant, or any foundation for a claim that this would create a lien. There is no pretense that any levy was made or that what was done was treated as a levy. It is conceded that no levy was made, or intended to be made, because of the belief, mistaken it is true, that the right to make it did not exist.

Besides the question here presented is one between the creditors as to priorities in the distribution of the estate of the bankrupt. It is not so much a contest between the debtor and this creditor. We can-

not see where any estoppel exists to now assert that no levy was made and that no lien acquired by means of a levy, even if this would have given a lien in the absence of the enrollment of the judgment in the office of the clerk of the circuit court of Hinds county.

The judgment of the district court is therefore affirmed.