NATIONAL SURETY CO. *v.* LEE.

[88 South. 7, No. 21412.]

JUDGMENT. *Adjudication of United States Circuit Court of Appeals on surety's liability under appeal bond res adjudicata as against further recovery in state court.*

Where an appeal bond has been executed under an order of a judge of the United States district court, in a cause there pending, granting a writ of error to the United States circuit court of appeals, and thereafter the United States circuit court of appeals has proceeded to judgment on the bond, and has expressly adjudicated the extent of the liability of the surety on the bond, the judgment of such appellate court is *res adjudicata* of all further liability on the bond, and an additional award against the surety thereon cannot be recovered in a state court.

APPEAL from circuit court of Hinds county.

HON. W. H. POTTER, Judge.

Action by Dr. C. A. Lee, administrator of the estate of Percy L. Johnson, deceased, against National Surety Company. Judgment for plaintiff, and defendant appeals, with cross-appeal by plaintiff. Affirmed on cross-appeal, and reversed and dismissed on direct appeal.

*Fulton Thompson* and *R. H. & J. H. Thompson,* for appellant.

*Robt. B. Mayes, Clayton D. Potter* and *J. A. Teat,* for appellee.

W. H. COOK, J., delivered the opinion of the court.

This is a suit predicated upon a declaration filed by the appellee, Dr. C. A. Lee, administrator of the estate of Percy L. Johnson, deceased, against the National Surety Company, and is based on a bond executed by the surety company, and from the judgment for the sum of five hundred dollars, the penalty of the bond, the surety company prosecutes this appeal.

Percy L. Johnson was killed by the collision of an automobile in which he was riding and a street car of the Jackson Light & Traction Company, and appellee, as administrator of the estate of the deceased Johnson, sued the traction company for the negligent killing of his intestate. This suit was instituted and prosecuted to a conclusion in the United States District Court in and for the Southern District of Mississippi, and resulted in a verdict and judgment in plaintiff's favor against the traction company for ten thousand dollars and costs.

This judgment was entered in the United States district court on the 10th day of May, 1919, and on the 21st day of May a petition for a writ of error to the United States circuit court of appeals was filed. This petition prayed for the allowance of a writ of error and for an

order fixing the amount of bond for a *supersedeas* in said cause, and on the same day that the petition was filed an order entered in the cause by the United States district judge, which was in the following language:

"Upon filing a petition for a writ of error and an assignment of errors, it is ordered that a writ of error be and is hereby allowed to have reviewed in the United States circuit court of appeals for the fifth circuit the judgment hereto entered herein, and that the amount of bond on said writ of error be and is hereby fixed at five hundred dollars, this, the 21st day of May, 1918."

This order was filed in the office of the clerk of the United States district court on the 6th day of June, 1918, but no bond was filed at that time. Thereafter, on the 6th day of July, 1918, the administrator procured the issuance of an execution on the judgment, and also filed suggestions of garnishment and procured the issuance of various writs of garnishment, one of which was served on the Merchants' Bank & Trust Company of Jackson, Miss. On the same day, to wit, the 6th day of July, 1918, the traction company filed a bond with the National Surety Company as surety, the penalty of which was five hundred dollars, and which was conditioned as follows:

"The condition of the foregoing bond is such that whereas, heretofore, on the 10th day of May, 1918, in the United States district court for the Southern District of Mississippi, the said plaintiff, Dr. C. A. Lee, recovered a judgment against the defendant, the Jackson Light & Traction Company, in the sum of ten thousand dollars and costs; and whereas, the said defendant, the Jackson Light & Traction Company, has prayed an appeal with *supersedeas* to the next term of the United States Circuit Court of Appeals at New Orleans, Louisiana, which said appeal was by the court granted upon the execution of a *supersedeas* bond in the penalty of five hundred dollars:

"Now, therefore, if the said Jackson Light & Traction Company shall well and truly prosecute its appeal from the judgment aforesaid to the said circuit court of appeals

and abide the judgment of that court on said appeal, then this obligation shall become void and of no effect; otherwise to remain in full force and effect as a *supersedeas* appeal bond in the said cause."

When the United States marshal was advised of the filing of this bond he ceased his efforts to levy his execution and made the following return thereon:

"Executed by handing a true copy of this writ to J. G. Sanderson for Jackson Light & T. Company. Done at Jackson, Mississippi, July 6, 1918, and as to balance of writs to be served was ordered by U. S. marshal to hold up as bond was given by plaintiff."

On the 4th day of March, 1919, the United States circuit court of appeals affirmed the judgment of the district court and rendered judgment against the surety on the writ of error bond for the costs accrued in that court; the judgment of the circuit court of appeals being in part as follows:

"It is now here ordered and adjudged by this court that the judgment of the said district court in this cause be, and the same is hereby, affirmed;

"It is further ordered and adjudged that the plaintiff in error, Jackson Light & Traction Company, and the surety on the writ of error bond herein, National Surety Company, be condemned, *in solido,* to pay the costs of this cause in this court, for which execution may be issued out of the said district court."

After the writ of garnishment was served on the Merchants' Bank & Trust Company the garnishee answered, admitting an indebtedness to the traction company of one thousand three hundred forty dollars and thirty-two cents, but thereafter was permitted by the United States district court to withdraw its answer and move to quash the garnishment writ. The district court sustained this motion and quashed the writ of garnishment, and from this decision Dr. Lee, administrator, prosecuted a writ of error to the circuit court of appeals. That court decided that the five hundred dollar bond filed in the original cause

was not a *supersedeas* bond but merely a bond for costs; that the judgment against the traction company was not superseded by this bond; that the writ of garnishment was properly issued; and reversed the judgment of the district court. The opinion of the circuit court of appeals in that case appears in 261 Fed. 721, and the opinion states that one of the grounds of the motion to quash the writ of garnishment was that the court below had granted a *supersedeas* bond of five hundred dollars and that the making of this bond had the effect to *supersede* and to annul all of the garnishment proceedings which had been taken in the cause, but the court there held that the bond was not a *supersedeas* bond, and, in passing upon the question involved, the court used the language following:

"This bond was approved by the judge, who ordered the writ of error issued. It will be noticed, however, that the writ ordered by the judge to be issued was a writ of error only, and there was no mention made in his order of any *supersedeas*. It could hardly be assumed that any judge would supersede a ten thousand dollar judgment on a five hundred dollar bond. The writ actually issued, as shown by the record, was also a writ of error, but no *supersedeas*.

"(1) In the first place, it will be noticed that all of the parties seem to have been under the impression that a *supersedeas* had in fact been issued, which was not the case, as all the judge ordered was that a writ of error be issued, which was done. The making of a *supersedeas* bond, and its approval by the judge, did not have the effect to supersede the proceedings in this case, and his approval of this bond must be read in the light of his order making it a cost bond instead of a *supersedeas* bond.

"It becomes, therefore, manifest that none of the garnishment proceedings taken were at all superseded, much less invalidated by the making of such bond."

After the execution of the bond in question on July 6, 1918, and while the cause was pending in the circuit court of appeals, it appears that the traction company had become insolvent, and was later adjudged a bankrupt. After

the decision by the circuit court of appeals in the garnishment proceedings, the garnishee, the Merchants' Bank & Trust Company, paid the administrator,. Dr. Lee, the amount admitted by its original answer to be due the traction company and thereafter the present suit was filed in the circuit court of the first district of Hinds county. The declaration in the instant case is in three counts. The first count, in substance, alleges the execution by the defendant surety company of a *supersedeas* bond in the penalty of ten thousand dollars, the bankruptcy of the Jackson Light & Traction Company, and seeks to recover the sum of ten thousand dollars on the bond as a *supersedeas* bond. The second count alleges that at the time of the execution of the alleged *supersedeas* bond the Jackson Light & Traction Company had ample funds to satisfy the appellee's judgment, and that during the pendency of the appeal in the circuit court of appeals said traction company had dissipated its property and, become wholly insolvent; and further alleges that—"although the said plaintiff could have and would have collected the said judgment, yet he was prevented from so doing, and process of execution was stayed, by the filing of the said *supersedeas* bond by the defendant herein, and the said Jackson Light & Traction Company was thereby enabled to hold its said property free from execution; and that while the penalty attempted to be stated in said bond reads in the sum of five hundred dollars, yet the legal effect of the said penalty embodied in the said bond is that the defendant became liable for the sum of ten thousand dollars, and that the said defendant undertook and did, in its said writing obligatory, indemnify this plaintiff for the full amount of the said judgment appealed from, and did, in fact and in law, undertake to supersede and secure said judgment for the full amount of the judgment."

The third count, after reciting the judgment appealed from and the execution of the bond, further alleges that— "by the filing of the said bond above referred to, upon which this defendant has become surety as aforesaid for

the full payment of the plaintiff's judgment, a stay of execution was then and there and thereby had and procured on behalf of the said Jackson Light & Traction Company, the original defendant in judgment, and the said Jackson Light & Traction Company was then and there and thereby permitted and enabled to hold all of its said property free from execution, and this plaintiff was then and there and thereby wholly prevented from collecting his said judgment; that by the said acts of the said traction company all of its property passed beyond the reach of the plaintiff, and that by virtue of such facts and the filing of such bond signed by the surety company the said National Surety Company became wholly liable to the plaintiff for the full payment of the judgment in the sum of ten thousand dollars."

To this declaration the defendant surety company filed a plea of *non est factum* and numerous special pleas. Demurrers were sustained to all of these special pleas except the third, but since the entire cause was heard before the court without the intervention of a jury it is unnecessary to discuss in detail the action of the court on the pleadings, but it will be sufficient to say that the defenses and contentions presented by appellant were substantially as follows:

"(1)   The judgment of the United States circuit court of appeals upon the bond, the one hereinbefore quoted, adjudging the National Surety Company liable for the costs of said court in said case, was *res adjudicata* of the full extent to which said company was liable on said bond, and it cannot be liable for any greater sum than was adjudicated against it by the circuit court of appeals.

"(2)   The appellee, Lee, administrator, plaintiff in this suit, having prosecuted a second writ of error to the circuit court of appeals and obtained the reversal of a judgment of the United States district court against him in favor of the garnished bank on the ground that the bond sued upon was not a *supersedeas* bond, but a mere cost bond, is estopped now to claim that the bond imposed lia-

bility on the surety thereto other than liability for costs in that case, which costs have been paid.

"(3) The conditions of the bond sued upon were fulfilled, and the bond became void by its own terms. The traction company (a) well and truly prosecuted its appeal to the United States Circuit Court of Appeals, and (b) abided by the judgment of that court. That the appeal was well and truly prosecuted is shown by the judgment of that court on the merits of the appeal, and it is admitted that its judgment, one for costs, has been paid."

The cause was submitted in the court below, upon an agreement that the court should accept in evidence and consider the printed transcript of the record of the United States circuit court of appeals for the fifth circuit in the cause entitled *"Dr. C. A. Lee, Administrator, Plaintiff in Error,* v. *Jackson Light & Traction Co., Defendant in Error,"* together with the printed transcript of the record of the United States circuit court of appeals for the fifth district, in the cause entitled *"Dr. C. A. Lee, Administrator, Plaintiff in Error* v. *Jackson Light & Traction Co., and the Merchants' Bank & Trust Company, Garnishee,"* together with copies of all judgments, orders, and mandates entered in said cause either by said United States circuit court of appeals or by the district court of the United States for the Southern District of Mississippi, and at the hearing of the cause in the court below there was a judgment for appellee, Lee, administrator, for the sum of five hundred dollars, the penalty named in the bond, and from this judgment the defendant surety company prosecuted an appeal, and plaintiff, Lee, prosecuted a cross-appeal.

We do not understand appellee to contend that the bond upon which this suit is based was in fact a *supersedeas* bond, but we understand the contention to be that, since appellant executed a bond that purported to be a *supersedeas* bond, and which was accepted as such, the principal having become insolvent and having been adjudged a bankrupt, the surety is now estopped to deny that the bond was a *supersedeas* bond or that the penalty was in-

sufficient to fully protect the appellee in the collection of his judgment.

If the contention of cross-appellant that, although the penalty of the bond was only five hundred dollars, he is entitled to recover the full amount of his ten thousand dollar judgment can be sustained, it must be done under the terms of section 1022, Code of 1906 (Hemingway's Code, section 742), which provides:

"When a bond, recognizance, obligation, or undertaking of any kind shall be executed in any legal proceeding, or for the performance of any public contract, or for the faithful discharge of any duty, it shall enure to the person to whom it is designed by law as a security, and be subject to judgment in his favor, no matter to whom it is made payable, nor what is its amount, nor how it is conditioned; and the persons executing such bond or other undertaking shall be bound thereon and thereby, and shall be liable to judgment or decree on such bond or undertaking as if it were payable and conditioned in all respects as prescribed by law, if such bond or other obligation or undertaking had the effect in such proceeding or matter which a bond or other undertaking, payable and conditioned as prescribed by law, would have had; and where any such bond or undertaking is not for any specified sum, it shall bind the parties executing it for the full amount for which any bond or undertaking might have been required in the state of case in which it was given."

We do not think this section has any application to appeal bonds executed in proceedings in the courts of the United States, but if it should be conceded that this statute does apply to bonds in the federal courts, we think the case of *Parsons-May-Oberschmidt Co.* v. *Furr et al.,* 110 Miss. 795, 70 So. 895, is conclusive against the contention made on cross-appeal. In that case this court had before it for construction section 1022, Code of 1906, and the court there said:

"It will be noted that the statute provides for the judgment on bonds that are for no 'specified sum,' but does not

provide for the amount of the judgment to be taken upon bonds where the amount is less or more than the amount prescribed by law. It merely says that a judgment may be taken on such bond, 'no matter to whom it may be payable, nor what is its amount, nor how it is conditioned.' it would seem, in the interpretation of this statute, that we should apply the maxim *'Expressio unius est exclusio alterius.'* The statute in one state of the case expressly prescribes the amount of the judgment to be entered, and in the other case does not prescribe the amount for which judgment or decree may be given. It thus seems that it was left to the court to render such judgment or decree as is authorized by the terms of the bond and rules of equity. . . .

"We also believe that, under our statute, the judgment or decree should not be for the full amount for which a bond of this character might have been required in the state of case in which it was given; but the liability of the sureties should be limited to the amount which they expressly obligated themselves to pay. . . .

"Our interpretation of the statute being, as before stated, that, inasmuch as the *supersedeas* bond was for a specified amount, the lower court should enter a decree against the appellees for the amount specified in the bond."

There does not appear to be any statute of the United States fixing the penalty of writ of error or *supersedeas* bonds, but the judge who grants the writ fixes the penalty of such bonds. In *Lee* v. *Jackson Light & Traction Co.* (C. C. A.), 216 Fed. 721, the circuit court of appeals says that, "it could hardly be assumed that any judge would supersede a ten thousand dollar judgment on a five hundred dollar bond," and an examination of the order granting the writ of error would have disclosed that a *supersedeas* has not in fact been granted. If the plaintiff, Lee, understood that it was intended to grant a *supersedeas,* it can hardly be assumed that he considered a five hundred dollar bond as sufficient to secure the collection of a ten thousand dollar judgment, but it does not appear that he

took any steps to have the purported *supersedeas* discharged, or to have the penalty of the bond increased, or to have his judgment enrolled in Hinds county, and upon the affirmance of the judgment by the circuit court of appeals, without objection or exception he permitted a judgment to be entered by that court adjudicating the extent of the liability on the bond to be the amount of the costs incurred on the appeal. Thereafter, the United States district court having decided in the garnishment proceedings against the Merchants' Bank & Trust Company that the garnishment writ was improperly issued for the reason that the judgment has been superseded by the execution of the bond in question, the plaintiff, Lee, prosecuted a second writ of error to the circuit court of appeals, and there successfully made the contention that the bond was not a *supersedeas* bond, and secured a reversal of the judgment of the district court and a second adjudication by the appellate court that the bond was a mere cost bond, and did not operate to supersede the judgment or any proceedings to collect it. All the parties to the bond sued upon, both obligors and obligees, were parties to the suit in which the bond was executed and were subject to the jurisdiction of the United States circuit court of appeals, and when that court, with full jurisdiction of both the subject-matter and the parties, proceeded to judgment on the bond and expressly adjudicated that the bond was a mere cost bond, and determined the extent of the liability of the surety on the bond, we think that judgment of the appellate court was *res adjudicata* of all further liability on the bond. An appellate court of the United States having adjudicated the extent of the liability on an appeal bond pending in that court, and having rendered judgment on the bond in favor of appellee, he cannot now recover in the state court an additional award on the bond.

The judgment of the court below is therefore affirmed on cross-appeal, and reversed and dismissed on direct appeal.

Affirmed on cross-appeal, reversed and dismissed on direct appeal.

*Affirmed on cross-appeal.*

*Reversed and dismissed on direct appeal.*