FRANCIS *v.* HUGHES.

Apr. 27, 1953

No. 38740          29 Adv. S. 6          64 So. 2d 351

*C. B. Hutchison,* for appellant.

378

*W. P. Mitchell,* for appellee.

HALL, J.

Mrs. Lucille O. Hughes obtained a decree against her husband, Jesse N. Hughes, for a monthly award for the support and maintenance of their minor child. On several occasions he made default in the payments required of him by this decree and was finally adjudged in contempt of court and committed to the custody of the sheriff of Lee County until he should make bond in the sum of $1,000.00 conditioned upon his remaining within the jurisdiction of the court and subject to the orders and decrees of the court. His counsel prepared a bond in the sum of $500.00 and it was signed by the appellants herein, viz., Walker Francis, A. M. Talley and Dr. W. A. Zuber, on the request of Billy Hughes, a brother of Jesse N. Hughes. This bond was returned to the attorney who prepared it and counsel for Mrs. Hughes called attention to the fact that the bond required by the decree of the court should be in the sum of $1,000.00. Thereupon counsel for Mr. Hughes requested Billy Hughes to carry the bond back to the sureties and ascertain if it was agreeable with them to raise the amount of the bond to $1,000.00. Billy Hughes later returned the bond to counsel for his brother and advised that the sureties had all agreed to the increase in the penalty of the bond. The bond was thereupon changed so as to increase the

penalty thereof to $1,000.00 and it was duly filed and approved, and Jesse N. Hughes was released from custody, after which he left the jurisdiction of the court and defaulted in the payment of the monthly award to Mrs. Hughes. Thereafter Mrs. Hughes filed a petition for citation against the sureties and after the execution of process upon them they appeared and answered and denied that they had authorized the increase in the amount of the bond and contended that because of said increase the bond is void and that they were not liable for any amount thereon.

The issue thus raised was tried by the chancellor. Billy Hughes testified that he carried the bond to each of the sureties and that they all agreed to the increase. The sureties each testified and denied that Billy Hughes had even approached them about the matter and denied that they had authorized the increase. They admitted, however, that they signed the bond as originally written for $500.00 and that they are obligated for that amount. The chancellor found that the bond was raised without the knowledge or consent of the sureties but he awarded judgment against them in the amount of $500.00 from which they appeal. They contend that the increase was a material alteration and that consequently they are relieved of all liability thereon.

The alteration in this case was not made by any party to the bond but by a stranger. In the early case of Croft v. White, 36 Miss. 455, 458, it was said: "The old doctrine, that every material alteration in a deed, even by a stranger, and without privity of either party, avoided the deed, is strongly condemned by Justice Story in U. S. v. Spalding, 2 Mason R. 478. This alteration by a stranger is termed spoliation, and does not change the legal operation of the instrument. 1 Greenleaf on Evidence, 702, Sec. 566 and Note 1; 4 Kent Com. 9th Ed., Note 1, 526."

In Bridges v. Winters, 42 Miss. 135, 143, it was said: "There is a distinction to be observed between an altera-

tion and a spoliation of an instrument, as to the legal consequences. ██ An alteration is an act done upon the instrument by which its meaning or language is changed. If what is written upon, or erased upon an instrument, has no tendency to produce this result, or to mislead any person, it is not an alteration. This term is applied when the act is done by the party entitled to the instrument. But the act of a stranger, without the participation of the party interested, is a mere spoliation or mutilation of the instrument, not changing its legal operation, so long as the original writing remains legible." In the case at bar the bond was typewritten and the penalty therein stated was "Five Hundred Dollars". With pen and ink a line was drawn through "Five" and the word "Ten" was written above it. The original still remained legible.

The above cases were followed in Ferguson v. White, 18 So. 124, not reported in the State Reports, and all of said cases were cited and followed in Coulson v. Stevens, 122 Miss. 797, 85 So. 83. The rule announced seems to be followed almost universally in this country. 2 Am. Jur., p. 605, Alteration of Instruments, Sec. 12, and 3 C. J. S. p. 969. Alteration of Instruments, Sec. 53. It is our view that the decree appealed from is fully supported by the above authorities and by the case of Parsons-May-Oberschmidt Company v. Furr, 110 Miss. 795, 70 So. 895, wherein it was held that ██ the sureties on a bond are liable for the amount stated therein, notwithstanding the fact that the penalty of the bond was subsequently increased by the principal obligor without the knowledge of the sureties or the obligee.

Affirmed.

*McGehee, C. J.*, and *Holmes, Arrington* and *Lotterhos, JJ.*, concur.